G. L. HURST *vs.* THE STATE.

July Term, 1872.

On the trial of the defendant for a misdemeanor, after the witnesses for the State had been examined, and two witnesses for the defendant, the latter stated that he had another witness he wished to examine to contradict a statement made by a witness for the State; and the court had the person so named by the defendant called at the court house door, and after waiting some time, the jury were directed to retire and consult of their verdict. Shortly thereafter the person named appeared in the court room. A motion for a new trial was overruled and it is HELD :

That such ruling was correct, it not appearing that the person was summoned, nor was there any affidavit as to what his testimony would have been if he had been introduced and examined.

The indictment in the case was found at the March term, 1871, of the circuit court of Harrison county. Trial and judgment against the defendant October term, 1871. The defendant brought the case here for review.

*John Bassel* for plaintiff in error.
The Attorney General for State.

BERKSHIRE P. The appellant asks for a reversal of the judgment of the court below, upon the ground that it erred in overruling his motion for a new trial.

The motion was based on the evidence set out in his bill of exceptions, which it was claimed, shows a case of surprise to the appellant on the trial, by reason of the failure of the witness Lynch to appear until after the jury had retired to consider of their verdict. It appears that after the appellant had introduced two other witnesses, he stated in court that he had another witness, John P. Lynch, who he wished to examine for the purpose of contradicting a material statement which had been made by a witness who had testified in the case on behalf of the State. That thereupon the witness was called at the door of the court house, but did not answer, and that

after waiting for some time for said witness, who failed to appear, the jury was instructed to retire and consider of their verdict, and immediately after they had so retired the witness Lynch appeared in the court house.

It does not appear, however, whether he had been summoned by the appellant or not; nor does it appear by affidavit or otherwise what his testimony would have been if introduced and examined.

To reverse the judgment for the refusal to grant a new trial, upon the facts disclosed by the record, therefore, would certainly be extending the rule as to granting new trials further than would be warranted by any of the cases. The judgment, I think, should be affirmed with cost and damages

The other judges concurred.

JUDGMENT AFFIRMED.